UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA,<br><br>        Plaintiff<br><br>v.<br><br>ANTHONY BARAJAS, et al.,<br><br>        Defendants | 2:13-cv-01583-JAD-CWH<br><br>**Order Dismissing Case** |

The Guarantee Company of North America ("Guarantee") issued performance, payment, and commercial licensing bonds on behalf of Barajas & Associates, Inc. for several construction projects in the State of Nevada. It sues Anthony and Elizabeth Barajas, both individually and as trustees of the Barajas Family Trust Dated 05/25/10, for their alleged failure to honor an indemnity agreement that arose as part of that surety relationship.[1]

I stayed this case after the Barajases filed notice on April 21, 2014, that they had petitioned for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (Case No. 14-12704-abl).[2] I then instructed the parties to provide a status report by March 13, 2015.[3] Guarantee timely responded stating that "[t]his case shall remain stayed due to the pending bankruptcy. . . ."[4] I then ordered the parties to file a second status report by February 2, 2016.[5] But that deadline passed without either side complying. So on February 4, 2016, I ordered the plaintiff to show cause by March 3, 2016, why (1) the bankruptcy stay should not be lifted and (2) this case should not be dismissed consistent

---

[1] ECF 1.

[2] ECF 20.

[3] ECF 21.

[4] ECF 22 at 2.

[5] ECF 23.

with the bankruptcy court's August 18, 2014, discharge order and October 20, 2014, final decree. I emphasized, "If plaintiff does not file a document showing good cause by March 3, 2016, this case will be dismissed in its entirety without further notice and without prejudice." ECF 24.

The March 3, 2016, deadline passed without response. District courts have the inherent power to manage their dockets, which includes the discretion to dismiss a case for failure to comply with court orders.[6] Before dismissing a plaintiff's case, "a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[7]

I conclude that all of these factors weigh in favor of dismissing this case. The Ninth Circuit has recognized that "the public's interest in expeditious resolution of litigation always favors dismissal."[8] Nothing about this case merits an exception to that rule; and it appears that this dispute has been resolved in the bankruptcy court, so no additional litigation is necessary. The plaintiff's failure to respond to the court's orders directing action have stalled this case completely, and the Ninth Circuit has also acknowledged that "dismissal serves . . . the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket."[9] I see no risk to the defendant, the public policy favoring disposition of cases on their merits was served by the bankruptcy-court proceedings, and alternative sanctions would be fruitless. Accordingly, I find that all applicable factors weigh in favor of dismissing this case.

---

[6] *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (collecting cases).

[7] *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quotation and quotation marks omitted).

[8] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

[9] *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006).

**Conclusion**

IT IS THEREFORE ORDERED that the stay is lifted and THIS CASE IS DISMISSED in its entirety.  The Clerk of Court is instructed to CLOSE THIS CASE.

DATED: March 10, 2016

_____
Jennifer A. Dorsey
United States District Judge